Petitioner Robert Toto Jr. This is a case that really needs some factual development. I acknowledge that all the work that had been done prior to this court had been done pro per by a man who apparently has some mental disorders. Basically there are several things that need to be demonstrated. We have some evidence suggesting that there was a Miranda violation that may have necessitated throwing out his written confession and some allegations that Mr. Toto was never told of that by his attorney and Mr. Toto's allegation that that would have made a difference in his decision to accept the plea. Again there is a police report that says very clearly marked that no Miranda advisements were given. There was approximately twelve hours between the arrest and Mr. Toto's written confession. There is nothing that suggests he was Mirandized in between there and if there is an issue regarding that certainly Mr. Toto has made the allegation and the appropriate thing would be to have an evidentiary hearing on that. Same thing with the allegation that the issue of the confession being thrown out was never told to Mr. Toto. There is certainly nothing in the record that indicates that that was an issue and we have Mr. Toto's signed verification in his petition alleging that he wasn't told that and that it would have made a difference to him. I acknowledge very outright that Mr. Toto was facing a three strike sentence of twenty five to life and that under his plea agreement he received an offer of seventeen years and to many people that would seem like obviously a benefit to Mr. Toto. However just because he receives a benefit doesn't negate that he has to make a knowing voluntary waiver of his constitutional rights and moreover Mr. Toto was an older man at fifty two and I use older loosely. Counsel we have really got overwhelming evidence of his guilt here. There really doesn't seem to be any question. We have a number of eyewitnesses prepared to come to trial. They catch him red handed trying to get outside the store. What benefit is he going to get by going back and if he goes back and says gee if I had known the confession since my confession won't come in you don't know I did it. Again by your admission by everybody's admission this is a man with some mental disorders. I really wonder whether he is going to make a good lawyer or whether he might be victimized by his own options. I certainly grant that although I would say that the evidence against him wasn't overwhelmingly strong. There was certainly some suggestion that he looked like the robber. It sort of looked like him. There were some major discrepancies in the size and description. Am I wrong after the second interchanges and stops him and he is arrested. I mean there is no doubt about who it was. I grant that. On the other hand Mr. Toto is still entitled to make a knowing and intelligent voluntary waiver of his rights and that includes knowing that his confession might have been thrown out. The point being. Let's throw it out. Judge Bybee raises the question where is the prejudice. Well the prejudice is that he was entitled for better or for worse to make his decision to plead. I think the Supreme Court has held the prejudice as would he been convicted on the evidence. I'd say it's not a certainty that he would be convicted and that if he was willing to take that chance that he might get a hung jury. Does the prejudice requirement talk about his chance. It's not whether he would take the chance or roll the dice. It's a question in our mind I guess the law that we have to decide whether there over again. All I can say is that from the preliminary hearing it was the one clerk said he was pretty sure Mr. Toto was a robber that Mr. Toto looked an awful lot like him. The other clerk said he was pretty certain. They felt nervous and stressed during the robbery. He was described as 5 foot 5 and a little heavier than 127 pounds. But he's caught in a bag wrapped around his hand appearing to hold a gun. That's a problem and I admit that. But I'd say the difference between the ambiguity in the description and the certainty of a written confession might make a difference. It might have been better in this case had Mr. Toto made a full and knowing waiver knowing all of his options and knowing that his confession might not have been held against him. Counsel would you advise him in this case to go to trial knowing that he faces three strikes and he's going to get a whole lot more time than he got under his plea agreement? The issue I think is less what the advice would have been to do but that he have a knowing certainty. It's a wonderful country and we have to do things for ourselves. But you wonder at this point in the proceedings whether we might really be doing him a favor by counseling him not to pursue this too vigorously. He got a good deal. He got a good deal. He got a really good deal. I grant that. There's a related issue that is sort of problematic because it's not straightforwardly brought up under his habeas petition and I acknowledge that. And again this is a man that has operated pro per in his entirety. But there's this declaration by his attorney questioning whether he even had the mental that due to his mental illness whether he even had the capability of making a knowing involuntary waiver. And of course that then raises the question of whether he had maybe perhaps mental state defenses or something that would have helped him had he gone to a trial. That's not a grounds in the petition. It's not but I guess it's We're doing multiple habeas petitions now again? No we can't and I'm not sure it's unfortunate that he didn't have counsel until his issues were sort of hammered out or were specified but I find that declaration by the attorney with the psychiatric report very troubling. And all I can say is Mr. Toto is my client. He has maintained that he would have wanted to go to trial and my job is here to represent his best interest. Thank you. I'll reserve any remaining time. Okay. Thank you. Mr. Smith. Good morning. May it please the court. California Deputy Attorney General Ryan Smith for respondent. Based on the other argument I'll be very short here. Petitioner is raising the ineffective assistance of counsel claim only here and so he's not entitled to an evidentiary hearing because petitioner fails to meet prong two under Hill that there's overwhelming evidence against petitioner as the court has mentioned and petitioner has failed to show any prejudice in this case. As the court has mentioned multiple identifications and petitioner was actually apprehended at one of the scenes as the clerk followed him outside. There's no mental issue mental case issues raised in this petition and even trial counsel's declaration who was raising the mental issues never stated anything about a possible Miranda violation even at that time. Unless the court has any further questions respondent will submit at this time. Okay. Thank you. Ms. Dresner anything in response? We thank both counsel for the argument and Toto versus Hernandez will be submitted. Next case on the docket is Joux versus Mukasey.
judges: Brunetti, Bybee, Bowman